**Parker Township v. Scottsdale Insurance Company**

C.P. Butler County, no. 92-974.

*David J. Lozer,* for plaintiff.
*Patricia A. Monahan,* for defendant Scottsdale Insurance Company.
*John G. Walls,* for defendant H.B. Beels & Son.

KIESTER, *S.J.,* January 11, 1995—On December 16, 1994 the court heard oral argument on the motion for judgment on the pleadings filed on behalf of Scottsdale Insurance Company. A brief has been filed in support of the motion.

A brief has been filed on behalf of H.B. Beels & Son Inc. in opposition to motion for judgment on the pleadings.

A cross-motion for judgment on the pleadings has been filed by counsel on behalf of plaintiff Parker Township.

## ISSUE

Does defendant, Scottsdale Insurance Company have a duty either to defend or indemnify Parker Township and its representatives?

## FACTS

Defendant Scottsdale on March 18, 1992 for the policy period from February 6, 1992 to February 6, 1993 issued to the Township of Parker a "public officials liability policy," pol. no. POS-330339.

The cause of action arises by reason of a claim and lawsuit filed by Ralph E. Texter against Parker Township in Butler County at A.D. no. 92-299. The Texter complaint alleges that the township granted a permit allowing an absorption area to be installed directly above a Texter waterline in violation of law.

The Texters claim damages arising from diminution of the value of their real estate, cost of treatment of well water and cost of cleaning their clothing.

Defendant Scottsdale denies coverage based on the terms of the policy.

"Exclusion

"The Company [Scottsdale Insurance Company] shall not be obligated to make any payment nor to defend any lawsuit in connection with any claim made against the insured:

"1. ...

"2. ...

"3. For any damage arising from bodily injury, sickness, emotional distress, mental anguish, disease or death of any person, *or for damage to or destruction of any property, including diminution of value or loss of use thereof.*" (emphasis added)

Defendant Scottsdale maintains that the language of the policy is clear and unambiguous.

Plaintiff has filed a cross-motion for judgment on the pleadings. Defendant H.B. Beels & Sons Inc. as well as plaintiff oppose defendant Scottsdale's motion for judgment on the pleadings.

Defendant Beels argues that the policy covers damages arising from "wrongful acts" and that the term damages is not defined. Defendant Beels maintains that the claims arise from money expended as a result of alleged wrongful acts.

## CONCLUSION

There is ambiguity in this liability insurance policy as to what constitutes damages. Defendant Scottsdale may not be liable for damages awarded Texters arising from a diminution of value or loss of use of their property. However the defendant Scottsdale's insurance policy does cover the "wrongful acts" of Parker Township and its representatives. Defendant Scottsdale has a duty to defend the Texter cause of action while the nature of the damages is determined.

The appellate courts have held that the proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured. As a practical matter the layman relies upon the agent or broker to secure the required coverage. A layman would expect a "public officials liability policy" to furnish the required

protection. It would be most unusual for the township officials to read, interpret and understand all the provisions of a lengthy liability policy.

The facts of the Texter claim may require the testimony of experts to interpret the coverage and whether the policy protected the officials and employees from damage claims such as that made in the Texter cause of action.

In this declaratory judgment action not all the facts are of record that would permit the court to ascertain the reasonable expectation of the township supervisors in the purchase of the Scottsdale liability policy.

### ORDER

And now, January 11, 1995 the motion for judgment on the pleadings filed on behalf of Scottsdale Insurance Company is denied.

The cross-motion for judgment on the pleadings filed on behalf of plaintiffs Parker Township is denied.